IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 21 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01498-BNB

DEXTER GAIL MILLICAN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTION (D.R.D.C.),
SERGEANT FERGUSON AT D.R.D.C.
LIEUTENANT CHAVEZ AT D.R.D.C., and
LIEUTENANT NAPLE AT D.R.D.C.,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Dexter Gail Millican is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fort Lyon Correctional Facility (FLCF) at Fort Lyon, Colorado. Mr. Millican has filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 alleging that rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Millican is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Millican will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because it is not clear what claims Mr. Millican is asserting in this action. Mr. Millican clearly asserts one claim against the three individual Defendants who assigned him to a top bunk

despite a lower bunk restriction in Mr. Millican's medical file. Mr. Millican alleges in support of this claim that he was assigned to a top bunk at the Denver Reception and Diagnostic Center (DRDC) on October 5, 2004, and that he fell and injured himself that evening when he attempted to climb into the top bunk. Mr. Millican asserts a second claim in the complaint in which he alleges that he currently is being denied adequate medical attention for ongoing pain that he experiences as a result of the injuries he suffered on October 5, 2004. However, it is not clear against whom he is asserting this second claim for relief because Mr. Millican is not incarcerated at DRDC and he does not contend that the named Defendants are responsible for his current medical treatment. Assuming Mr. Millican does intend to pursue this second claim for relief in this action, he is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Millican should name as Defendants the individuals that he believes actually violated his constitutional rights.

In addition to the two claims described above, Mr. Millican attaches to the complaint various documents, including administrative grievances, that raise additional issues that are not related to the October 2004 incident or the alleged lack of medical treatment for ongoing pain. If Mr. Millican intends to raise any claims in this action regarding these other issues, he must clearly indicate what claims he is raising and against whom those claims are being asserted. Therefore, because it is not clear what claims are being asserted in this action, Mr. Millican will be ordered to file an amended complaint.

2

Finally, Mr. Millican must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Millican must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Millican has not exhausted administrative remedies for each of his claims, the entire action must be dismissed.

As noted above, Mr. Millican has submitted to the court a number of administrative grievances. However, those grievances do not demonstrate that he has exhausted the three-step grievance procedure because he has not submitted any Step III grievances. Furthermore, Mr. Millican has not submitted any grievances in which he raised the issue of being assigned to a top bunk on October 5, 2004, or the ongoing lack of medical attention for pain. Therefore, Mr. Millican must clarify how he has exhausted administrative remedies for each of his claims if he wishes to proceed in this

3

action. Accordingly, it is

ORDERED that Mr. Millican file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Millican, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Millican fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED August 21, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01498-BNB

Dexter G. Millican
Reg. No. 86568
Fort Lyon Correctional Facility
P.O. Box 1000
Ft. Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on   8-21-06  

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk